WRIGHT, J.
to the jury. It is admitted that the defendant erected a house for the plaintiff at the usual prices, and that all the work was done well except the chimney flues. When a mechanic undertakes to build a house at the common price, the law charges him with the knowledge usual to the trade he exercises, and implies an undertaking on his part to do the work in a work- [572 manlike manner; and if he fail to dp so, he is liable for the injury his employer sustains. The real controversy between these parties is as to the structure of the chimney flues. The design of a chimney in a dwellinghouse is to carry off the smoke, and it is quite as necessary that the smoke should be carried off in cold weather, when the comfort of the occupants of the house requires the doors closed, as in the summer, when they may be open. It is a self-evident proposition, therefore, that a chimney does not answer its main design, if, when the doors and winidows are closed, the smoke, instead of being carried off by the chimney, escapes into the rooms to the annoyance of the inmates, and the injury of the furniture and house.
You have heard how these chimneys were constructed, and how they answered their design in carrying off the smoke, and also the opinion of the witnesses as to how such flues ought to be built— also the manner in which they were rebuilt, and the effect of the change. The questions presented to you on the plaintiff’s case are —were these chimneys skilfully built ? Did they carry off the smoke? If not, and injury ensued, then, did the failure result from *590 the want of skill in the structure ? If either of the two first questions are affirmatively made out by the evidence, you need inquire no farther, but find for the defendant. If resolved in the negative, or if one is negatived, and the other affirmed, the plaintiff is entitled to your verdict, unless some one of the points of the defence are established, and you will then have to "examine those points upon the evidence.
The first position assumed in defence is, that the work was done according to the plaintiff’s own direction. You will weigh the evidence on this point, and if it be true that the plaintiff took upon himself the responsibility of directing and controlling the work in the particular complained of, he has no right to come upon the defendant for any defect in workmanship. It is his own fault, not that of the defendant. If the defendant has failed to establish this point to your satisfaction, he next assumes
That there is a general custom or usage in the city of Cincinnati, that when a bricklayer is employed to erect a chimney, and it prove defective, for the employer first to call on the builder to repair the defect, before he has a right to call in another workman. To support this assumption the testimony of a number of bricklayers has been introduced, which you will carefully examine.
The books tell us that “ custom is a law not written, established by long usage and the consent of our ancestors. No law can 573] *oblige a free people without their consent; so whenever they consent and use a certain rule or method as a law, such rule or method has the power of law; if it is universal, it is common law ; but if particular to this or that place, it is custom y” (3 Salk. 192.) A custom to be obligatory must be ancient, so that the memory cannot reach back to its beginning. Must accord with law, and have continued without interruption. Must be certain, reasonable, have been peaceably acquiesced in, consistent, compulsory, not left to the option of men to use or not. Bnt a custom contrary to the public good or injurious only to the multitude and beneficial only to some particular persons, is repugnant to the law of reason, and consequently void (2 Dana. Ab. 224, 7), and the usage of no class of citizens can be sustained in opposition to established principles of law: (6 Mass. 477; 10 Mass. 26.) You will apply these legal principles to the facts you have in evidenee. Was this alleged custom ancient, in accordance with law, and of uninterrupted continuance ? Was it known to community, certain, reasonable, and peaceably acquiesced in? Was it compulsory — mutually operating upon all persons ? If the usage relied upon lack any of these essential in- *591 gradients, it cannot excuse the defendant. Taking all that the witnesses have said on the subject as true, we think it falls short of establishing a custom that will exonerate a workman from damages for the non-performance of his contract to do work as a workman should. The common act of courtesy which induces a man to-call on his mechanic to rectify what is amiss in his job, does not establish a custom to exonerate the trade from responsibility for bad work. The utmost length such a usage could avail would be to reduce the damage from the sum paid, to what the mechanic could have performed the work for: but we do not think it can be carried even to that length.
We are asked to charge you that the admissions of Woldrom, as to the defendants preventing him from making the repairs, are not evidence against the defendant — we cannot give you the charge. In our opinion the law makes the declaration of a partner evidence against his co-partner.
If you find for the plaintiff, you will assess his damages to a sum sufficient to remunerate him for the injury he has sustained; and you are at liberty to take into your estimate of the injury, the money paid out to put the chimneys and house in the condition they would have been, if the work had been well done; also the inconvenience and interruption of the plaintiff in the enjoyment of the *premises, the loss of its rise, the injury to the furniture, and [574 whatever else entered into the injury he actually sustained, and you can add to the expenditures interest from the time they were made.
Verdict for the plaintiff, and judgment.